HERBSMAN HAFER WEBER & FRISCH, LLP
Dorothy M. Weber, Esq. (DMW-4734)
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
dorothy@musiclaw.com
*Attorneys for Plaintiff Sugardoh, Inc.*

FIRST GEN LAW
Danielle M. Faiella-Falls, Esq. (DF-0728)
11 Carmine Street, Suite 4D
New York, NY 10014
(917) 743-9212
danielle@firstgenlaw.net
*Attorneys for Plaintiff Sugardoh, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| SUGARDOH, Inc., a Delaware Corporation, | Case No.: 23-cv- |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| BRILLIANCE MARKETING INTERNATIONAL, LLC, a Utah Limited Liability Company, | |
| Defendant. | |

------------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sugardoh, Inc. (hereinafter referred to as "Plaintiff" or "Sugardoh"), by and through its attorneys, Herbsman Hafer Weber & Frisch, LLP, for its Complaint for Declaratory Judgment herein against defendant Brilliance

Marketing International, LLC (hereinafter referred to as "Defendant" or "BMI"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to: (a) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; (b) Section 39 of the Lanham Act, 15 U.S.C. §1121; and (c) 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act and out of interstate commerce.

2. This Court has personal jurisdiction over Defendant because Defendant regularly transacts business in this District and/or has otherwise made or established contacts with this District sufficient for personal jurisdiction purposes consistent with the Constitution and N.Y. Civil Practice Law and Rules §§ 301 and 302.

3. Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events giving rise to this claim in this action occurred in this District and because Plaintiff and Defendant do substantial business, including selling products bearing the trademarks owned by the parties at issue in this action, in the State of New York and in this District. Plaintiff is registered as a foreign entity authorized to conduct business in the State of New York.

## THE PARTIES

4. Plaintiff Sugardoh is a Delaware corporation with its principal place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

Plaintiff is registered as a corporation to do business in the State of New York. Plaintiff is a nationally recognized personal care company that specializes in selling personal care products for body hair removal with products that are available via many e-commerce websites and in numerous well known retail outlets such as Ulta Beauty and Urban Outfitters.

5. Defendant BMI, upon information and belief, is a Utah limited liability company with its principal place of business located at 308 Hammond Lane, Providence, Utah, 84332; who utilizes the trade name "Sugar Me Smooth;" and does substantial business in the State of New York and in this District.

## NATURE OF ACTION

6. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure whereby Plaintiff is seeking a determination that Plaintiff's use of its federally registered trademark has not infringed or interfered with, and does not infringe or otherwise interfere with, the asserted rights of Defendant, and that Plaintiff's acts have not violated and do not violate federal or state laws relating to trademark infringement, unfair competition, or deceptive trade practices including, without limitation, Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), or the statutory or common law of the State of New York or the laws of other States.

## BACKGROUND FACTS

### *Plaintiff's "Sugardoh" Line of Products*

7. Plaintiff's core business, born in July 2020, is the development and marketing of all natural, compostable, painless, at-home body hair removal products that provide an alternative to traditional wax-based products that typically require an array of application tools administered by a technician at a spa or salon venue.

8. Plaintiff is also internationally recognized on social media, particularly for its virality on TikTok (reaching over 19.8 million likes). Plaintiff sells in 55 brick and mortar shops in the State of New York and over 1400 store locations throughout the U.S. and Canada. Plaintiff's e-commerce business attracts customers from all over the world.

9. While the "sugaring" alternative to waxing is not a new concept, Plaintiff created a place for itself in the marketplace and its "Sugardoh" brand during the pandemic when the market for at-home personal care products exploded.

10. Through innovative marketing tactics and the promotion of its products on its own e-commerce site, third party sites such as Amazon.com, as well as creating many "how to" videos featuring the "Sugardoh" products on social media and community driven sites such as WhatsApp, Plaintiff had widespread distribution almost immediately. Plaintiff's approach to the launch and promotion of the "Sugardoh" product line proved to be highly effective.

11. In addition to Plaintiff's innovative and modern approach to marketing, it has also invested substantial time, money, and effort in building the business of the "Sugardoh" product line.

12. Through these intensive efforts the SUGARDOH mark developed secondary meaning.

13. The results speak for themselves: Plaintiff's "Sugardoh" products are a commercial success - currently available through a multitude of e-commerce channels (one example set forth below) as well as in approximately 1292 Ulta Beauty stores and 150 Urban Outfitters Stores throughout the United States and Canada having now secured purchase orders in excess of 3.500,000 units. Plaintiff's purchase orders from Ulta Beauty Stores alone have exceeded $1,000,000.00.

14. Plaintiff's "Sugardoh" products also received numerous positive reviews from reviewers on social media as well as traditional media outlets. For example, in a July 18, 2022 article appearing on the "This Thing's Incredible" section of *New York* Magazine's website, www.nymag.com/strategist/2022/07/sugardoh-sugaring-kit-review.html, entitled "I'm Ditching Razors for This At-Home Sugaring Kit, the reviewer raved about the "Sugardoh" product concluding with:

> " "I am now phasing out my razors in favor of SugarDoh . . . At $35 for a jar that will last multiple sugaring sessions (I still have more than half left) it's much cheaper than going to a salon. Plus, I find it less intimidating, the results last a long time, it doesn't bother my skin, and it has made body hair removal less fraught than I thought possible." "

15. Further, Plaintiff's "Sugardoh" products have been recommended on multiple "editor's pick" lists. These include: a January 20, 2023, article appearing on the "Beauty" section of *Harpers* Bazaar's website, www.harpersbazaar.com/beauty/health/g38202579/best-at-home-waxing-kits, where Plaintiff's "Head-to-Toe Sugaring Kit" was rated as the "best sugaring kit"; and in an article appearing on the "Shopping" section of *Entertainment Tonight's* website, www.etonline.com/the-20-best-at-home-hair-removal-products-for-spring-2023-shop-razors-wax-kits-epilators-and-201368, where Plaintiff's product was the sole sugaring based hair removal product recommended.

16. Plaintiff's brand has also received significant recognition from traditional media outlets. For example, in an April 9, 2023, article appearing on *Business Insider's* website, www.businessinsider.com/small-business-owner-ulta-beauty-stores-sugar-wax-tiktok-2023-4, Business Insider documented Plaintiff's journey from home business to major brand in the "at-home sugaring" space.

17. Similarly, Beauty Independent covered Plaintiff's partnership with Ulta Beauty in its November 29, 2022, article appearing on the "Brand Report" section of its website, www.beautyindependent.com/hair-removal-brand-sugardoh-launches-ulta-beauty/. Further evidencing the beauty industry's widespread recognition of Plaintiff's brand and products.

### *The "Sugardoh" Mark*

18. As a result of Plaintiff's, financial investment, hard work and creative efforts as to marketing and promotion, the "Sugardoh" brand and mark became well-known immediately after the product line's release in July 2020.

19. In order to better protect its rights to the distinctive and now highly recognizable "Sugardoh" mark, Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") on December 10, 2020, Serial Number: 90374150, for the SUGARDOH mark in International Class 3 for "Wax for removing body hair."

20. During the PTO's review of the aforementioned SUGARDOH application, the Examining Attorney found no conflicting marks that would bar registration of the SUGARDOH mark.

21. The PTO then published the SUGARDOH mark for opposition in the Trademark Official Gazette on July 6, 2021 giving any entity who believed it would be damaged by the registration of the SUGARDOH mark an opportunity to file a notice of opposition in connection with the then pending SUGARDOH application.

22. Neither Defendant nor any other entity filed a notice of opposition to the SUGARDOH mark or an intent to do so with the PTO during the relevant time period.

23. The PTO, therefore, issued a Registration Certificate to Plaintiff on September 21, 2021 for the SUGARDOH mark (Registration No. 6492605) ("SUGARDOH Registration"), attached hereto as Exhibit A.

24. Plaintiff has used the SUGARDOH mark continuously without interruption since at least as early as July 1, 2020.

25. The SUGARDOH Registration is prima facie evidence of the validity of the SUGARDOH mark as well as the exclusivity of Plaintiff's rights in that mark.

### *Defendant's "Sugar Me Smooth" Trademark*

26. Defendant is the owner for U.S. Trademark Registration No. 4026104, issued September 13, 2011, for the mark "Sugar Me Smooth," in text format, in International Class 3 for "Fragranced body care preparations, namely, body scrubs; Sugar paste for removing body hair", attached hereto as Exhibit B.

27. PTO records also show that Defendant is the owner of a trademark application for a design logo featuring the text "Sugar Me Smooth All Natural Hair Removal" (Serial No. 77747149) that was formally abandoned on December 20, 2010.

### *The Acts Giving Rise to the Declaratory Action*

28. Plaintiff received an infringement notice on August 27, 2021, demanding Plaintiff cease all use of the "SUGARDOH mark and any confusingly similar names," or else it would escalate its protection efforts.

29. Defendant commenced a cancellation proceeding in the USPTO on September 25, 2021 seeking cancellation of the SUGARDOH Registration (Action No. 92078086) (the "Cancellation Proceeding").

30. After the filing of the Cancellation Proceeding, Defendant increased its legal threats.

31. May, 2022, Defendant stated that should "no resolution involving the applicator be reached, then Brilliance will continue litigating its trademark cancellation."

32. December, 2022, Defendant once again threatened that if Plaintiff did not either "cease use of the applicator, or license the applicator design from the defendant," then it would "proceed to the conclusion of the trademark case … will await issuance of [its] patents, and will then pursue all appropriate claims for damages for patent infringement to their fullest extent." Defendant also alleged that Plaintiff "could be subject to damages for ongoing, willful infringement".

33. As a result, Plaintiff reasonably believes that Defendant commenced the Cancellation Proceeding solely as a pretext in order to disrupt the business operations of a competitor and force Plaintiff to expend substantial and unnecessary legal fees.

34. Plaintiff's apprehension of facing additional imminent litigation from Defendant is further heightened as a result of Plaintiff's recent filing of three actual use trademark applications within the last few months with the PTO.

35. Due to the success of the "Sugardoh" product line, Plaintiff elected to seek trademark protection for a broader line of products using a stylized version of the SUGARDOH mark or an abbreviated version thereof – "Doh".

36. Specifically, Plaintiff has recently filed the following applications:

      a.    Serial No. 97810285 for DOH (plain text) in International Class 3 for "Wax for removing body hair" on February 24, 2023;

      b.    Serial No. 97822568 for "sugardoh" (stylized design in color) in International Class 3 for "Wax for removing body hair" on March 3, 2023; and

      c.    Serial No. 97810285 for "sugardoh" (stylized design) in International Class 3 for "Depilatories; Depilatory preparations; Depilatory preparations and substances; Wax for removing body hair" on March 3, 2023.

37. Given that Defendant commenced the Cancellation Proceeding with respect to Plaintiff's original federally registered SUGARDOH mark, it is reasonable for Plaintiff to believe that Defendant, without the intervention of the Court, will continue their attempts to improperly assert trademark infringement claims and will commence additional litigation with respect to these newly-filed trademark applications.

38. Since the Cancellation Proceeding is limited in relief Plaintiff is, therefore, left with no alternative than to seek relief from this Court as to a declaration to the scope of its rights with respect to the SUGARDOH Mark.

## AS AND FOR A FIRST CLAIM

### Declaratory Judgment of Non-Infringement as to Trademarks
### 28 U.S.C. §2201

39. Plaintiff repeats and realleges the allegations of paragraphs "1" through "38" of this Complaint, as if fully set forth herein.

40. Plaintiff has been using its SUGARDOH Mark since at least as early as July 1, 2020. Plaintiff has committed substantial time, effort, and financial resources to create a brand out of nothing that has become a tremendous success.

41. Plaintiff secured the Trademark Registration, prima facie evidence of a valid trademark, on September 21, 2021 after a formal opposition period where neither Defendant, nor anyone else, asserted any objection to Plaintiff's claim to exclusive use of the SUGARDOH Mark.

42. Despite the foregoing, Defendant commenced the Cancellation Proceeding claiming that the parties' respective marks are confusingly similar.

43. Defendant has further indicated, during the course of the Cancellation Proceeding, that it believes that actual confusion between the marks is ongoing to the extent and in a manner that has caused Plaintiff to reasonably believe that Defendant will not only oppose additional applications filed by Plaintiff using variations of the "Sugardoh" mark, but that Defendant will also sue Plaintiff for trademark infringement seeking money damages and injunctive relief.

44. As such, Plaintiff has a reasonable apprehension that Defendant will commence trademark litigation against it that will be highly disruptive and

damaging to Plaintiff's burgeoning business unless the parties' rights with respect to their respective trademarks have been fully adjudicated.

45. Plaintiff's use of the SUGARDOH Mark as set forth in the SUGARDOH Registration does not violate Section 32 of the Lanham Act, 15 U.S.C. 1114 with respect to Defendant's "Sugar Me Smooth" mark.

46. Plaintiff's use of the SUGARDOH Mark as set forth in the SUGARDOH Registration is not likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods by Defendant.

47. Plaintiff's use of the SUGARDOH Mark does not violate Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) with respect to Defendant's "Sugar Me Smooth" mark.

48. Plaintiff's use of the SUGARDOH Mark as set forth in the SUGARDOH Registration does not constitute trademark infringement under the Lanham Act statutory or common law of New York, or the laws of other States.

49. Plaintiff's use of the SUGARDOH Mark as set forth in the SUGARDOH Registration does not constitute deceptive trade practices under the State of New York's deceptive trade practices statute and it does not constitute unfair competition under the laws of the State of New York or similar laws of any other State or the common law.

50. There exists, therefore, an actual and justiciable controversy between the Plaintiff and Defendant under 28 U.S.C. §2201.

51. Based on the foregoing, pursuant to 28 U.S.C. §2201, Plaintiff is in need of a declaration of its rights and legal relations between the parties and is entitled to a declaratory judgment that Defendant is without right or authority to object to Plaintiff's use of the SUGARDOH mark or to seek to prevent Plaintiff's use on the basis of alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

**WHEREFORE,** Plaintiff Sugardoh, Inc. demands judgment in their favor as follows:

A. On the First Claim, a declaration that Plaintiff's use of the SUGARDOH Mark does not infringe or violate any of Defendant BMI's rights in its "Sugar Me Smooth" mark and that Defendant BMI is without right or authority to object to Plaintiff's use of the SUGARDOH Mark on the basis of alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

B. A permanent injunction enjoining and restraining Defendant BMI, its agents, attorneys, and all persons in active concert or participation with Defendant BMI, from:

    (1) Seeking to prevent or frustrate Plaintiff Sugardoh's use, registration, or ownership of its SUGARDOH mark;

    (2) Initiating or maintaining infringement litigation of any sort against Plaintiff Sugardoh, including the Cancellation

Proceeding, or any of its franchisees, licensees, or agents based on the SUGARDOH Marks; and

(3) Interfering in any way with Plaintiff Sugardoh's SUGARDOH Mark.

C. An order that Defendant BMI be required to pay to Plaintiff Sugardoh the costs of this action and its reasonable attorneys' fees.

D. That Plaintiff Sugardoh have such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         April 13, 2023

                HERBSMAN HAFER WEBER &
                FRISCH, LLP

      By:    /s/ Dorothy M. Weber
              Dorothy M. Weber, Esq. (DMW-4734)
              494 Eighth Avenue, Suite 600
              New York, NY 10001
              (212) 245-4580
              dorothy@musiclaw.com
              *Attorneys for Plaintiffs*

              FIRST GEN LAW

      By:    /s/ Danielle M. Faiella-Falls
              Danielle M. Faiella-Falls, Esq. (DF-0728)
              11 Carmine Street, Suite 4D
              New York, NY 10014
              (917) 743-9212
              danielle@firstgenlaw.net
              *Attorneys for Plaintiffs*